IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Jeffery Lynn Sheaffer, Sr. | : | |
|---|---|---|
| | : | Chapter Thirteen |
| Debtor | : | Case No. 08-bk-01089 RNO |
| Faye A Sheaffer | : | |
| Objector | : | |
| | : | |
| v. | : | {**Nature of Proceeding:** Debtor's Motion to Reconsider June 25, 2008 Order Sustaining Faye A. Sheaffer's Objection to Confirmation} |
| Jeffery Lynn Sheaffer, Sr. | : | |
| Respondent | : | |

# Opinion[1]

**Introduction**

Presently pending before the Court is Debtor's Motion to Reconsider the Court's June 25, 2008, ruling sustaining Faye A Sheaffer's Objection to Confirmation of the Debtor's Chapter 13 Plan. Debtor contends reconsideration is necessary to correct a clear error of law or prevent a manifest injustice. The Court disagrees, and for the reasons stated herein, the Debtor's Motion to Reconsider is denied.

**Facts & Procedural History**

The Debtor filed for Chapter 13 relief on March 28 2008. Faye Sheaffer ("Objector") was the Debtor's wife; the parties separated in July, 2003. A divorce proceeding was filed later that year in Cumberland County, Pennsylvania. In the divorce proceeding, the Divorce Master made certain recommendations as to the distribution of the marital assets. The Master's proposed distribution was adjusted by a state Court Order of February 28 2007, providing that the Objector was to receive certain monies from the Debtor as a result of the divorce.[2] That

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] It should be noted that this Court is specifically withholding judgment, for purposes of this Opinion, as to the dischargeability of the martial distributions as Mrs. Sheaffer's counsel noted on the record his intention to file a dischargeability action at a later date.

-1-

Order was appealed to the Pennsylvania Superior Court, but was stayed by the filing of the instant bankruptcy.

The Debtor's Schedule E-Creditors Holding Unsecured Priority Claims, lists Objector's claim as follows: "weekly - on going non-dischargeable obligations (deducted from payroll)". (Doc. No. 1). In Debtor's Schedule I, he shows a monthly support garnishment deduction of $1,134.56, with a notation that reads:

> **Military Pension is presently $1,288.20/mo. Per Cumberland Co. Court Order dated 2/27/08, Debtor ordered to pay former spouse an award of 70% of the pension as "equitable distribution." This is Equitable Dist. of 11 USC 523(a)(15) kind, dischargeable by 11 USC 1328(a). (Doc No. 1).

The Debtor also included a provision in his chapter 13 plan ("Plan") under section 3(a) that "[a]llowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4)." (Doc. No. 8).

The Objector objected to the Plan on grounds it was proposed in bad faith under 11 U.S.C. § 1325(a)(3) and (7)[3] in that the Plan impermissibly sought to discharge the debt owed to her. It was her contention that the debts owed to her were non-dischargeable, and she intended to file an adversary seeking a determination to that effect.

At the confirmation hearing, the Objector/ex-wife's counsel further elucidated the grounds for the objection stating that the objection was motivated because confirmation of the Plan might preclude the Objector from later seeking non-dischargeability of her claims. The Court agreed with the Objector finding that, in fact, the provision in section (3)(a) of the proposed plan would likely prove problematic in a later dischargeability action. In this Circuit, confirmation of a plan binds non-objecting creditors to terms determined by the confirmation order. *In re Szostek,* 886 F.2d 1405, 1409 (3d Cir. 1989) (finding that creditors are bound by chapter 13 plans and any issue necessarily determined by the confirmation order).

---

[3]Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Conversely, Debtor's counsel argued that the Plan and its intended discharge of the Objector's claim were permissible and not in conflict with the Bankruptcy Code. He argued the debt owed to Objector/ex-wife constituted equitable distribution as a matter of law given the Common Pleas Court Order characterizing the monies as an equitable distribution. Therefore, it was the Debtor's position that because the amounts to be paid were undisputably equitable distribution, they could properly be discharged under § 523(a)(15). The Court disagrees. At the hearing, I raised some concerns regarding the propriety of this argument in light of the Third Circuit case *In re Gianakas*, 917 F.2d 759, 762-63 (3d Cir. 1990). In *Gianakas,* the Circuit held that the Bankruptcy Court has an obligation to go beyond explicit language deeming a certain obligation to be an equitable distribution and to examine the context and surrounding circumstances of the parties. *Id.* The Bankruptcy Court should then make an independent determination as to whether the obligation is in the nature of alimony, maintenance, or support so as to be non-dischargeable. *Id. See also, In re Johnson,* 2008 WL 553221 *5 (Bankr. M.D.N.C. (Feb. 27, 2008) (Federal Bankruptcy law, not state law, determines whether a debt is in the nature of support); *In the Matter of Long*, 794 F.2d 928 (4th Cir. 1986); *In re Strickland,* 90 F.3d 444, 446 (11th Cir. 1996) (a debt may be in the "nature of support" even though it would not legally qualify as support under state law); *In re Yeates*, 807 F.2d 874 (10th Cir. 1986) (same); *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001); *In re Brody*, 3 F.3d 35, 38 (2d Cir. 1993) (The court must not rely only on the label used by the parties or the state court, but must look beyond the label to examine whether the debt actually is in the nature of support or alimony).

Further, the Court has an independent obligation to ensure a plan is eligible for confirmation. *In re Szostek*, 886 F.2d 1405 (3d Cir. 1989). Pursuant to this obligation, during the hearing, the Court made an inquiry as to whether the Debtor was current on all payments to the Objector as required under § 1325(a)(8).[4] Debtor's counsel informed the Court that,

---

[4] § 1325(a)(8) Except as provided in subsection (b), the court shall confirm a plan if -- (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;

Domestic Support Obligations are defined in § 101(14A) as: The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including

-3-

although the Debtor was current on all child support obligations, he was not current on payments from the pension because it was his position that those payments constituted equitable distribution claims that would be discharged upon completion of the Plan.

Ultimately, the Court found that the Debtor failed to meet his burden to prove, by a preponderance of the evidence, that his Plan was eligible for confirmation under §§ 1322 and 1325. I, therefore, sustained the Objector's objection and gave the Debtor thirty days to file an amended plan.

The Debtor has now filed a motion to reconsider primarily on grounds that the Court erred in entertaining the Objector's arguments as to the dischargeability of her debt because the Objector failed to meet her burden of persuasion and proof on the objection. The Debtor also argues that the objection should have been raised in a separate adversary proceeding and not as an objection to confirmation.

**Analysis**

As stated in my prior Opinion, *In re Baldino*, motions for reconsideration should be viewed as an extraordinary means of relief and should be granted sparingly. *In re Baldino,* 369 B.R. 858 (Bankr. M.D.Pa. 2007) (internal citations omitted). As stated in *Baldino*, "[t]here are only three limited circumstances in which reconsideration may be appropriate: wherein the movant can prove at least one of the following: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.'" *Id.,* citing *North River Ins. Co.*, 52 F.3d at 1218, citing *Natural Resources Defense Council, Inc. v. U.S. E.P.A.*, 705 F.Supp. 698, 702 (D.D.C. 1989)

---

interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--(i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Case 1:08-bk-01089-RNO    Doc 29    Filed 07/23/08    Entered 07/23/08 13:08:30    Desc
Main Document    Page 4 of 7

quoting *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988), vacated on other grounds, 707 F.Supp. 3 (D.D.C. 1989). Here it appears that Debtor is seeking reconsideration on grounds that the Court committed clear error. The Court respectfully disagrees.

The Debtor's principal argument on reconsideration is that the Court erred in sustaining the Objector's objection to confirmation because she presented no witnesses or facts to support her objection, and thus, failed to sustain her burden of going forward with the evidence. The majority position is that for purposes of confirmation, the burden is on the Debtor to establish that a plan meets the requirements of §§ 1322 and 1325.[5] Judge Fox succinctly stated the majority position, that the confirmation burden is on the Debtor, in his recent Opinion *In re Martorana*:

> The debtor has the ultimate burden of persuasion that his proposed chapter 13 plan meets the statutory requirements for confirmation. See, e.g., *In re Hill*, 268 B.R. 548, 552 (B.A.P. 9th Cir. 2001) ("The debtor, as the chapter 13 plan proponent, has the burden of proof on all elements of plan confirmation."); *In re Heath*, 182 B.R. 557, 560 (B.A.P. 9th Cir. 1995) ("In general, the debtor carries the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation."); *In re Weisser*, 190 B.R. 453, 454 (Bankr. M.D.Fla. 1995); *In re Norwood*, 178 B.R. 683, 687 (Bankr. E.D.Pa. 1995); see also *In re Ziegler*, 88 B.R. 67, 69 (Bankr. E.D.Pa. 1988). *In re Martorana*, 2008 WL 1745784, *2 (Bankr. E.D.Pa. April 11, 2008).

---

[5]Only a minority of courts have adopted the burden scheme propounded by the Debtor, i.e. that a creditor objecting to confirmation has the burden to prove failure of a condition for confirmation. Lundin, Volume 3 § 217-2 (finding the Debtor's position to the minority position). This Court, however, has not adopted the minority position, and, in fact, agrees with the strong majority of courts who find that it is actually Debtor who bears the burden of proving his proposed chapter 13 plan meets the statutory requirements for confirmation under §§ 1322 and 1325(a). *Id.* citing among others *Education Assistance Corp. v. Zellner,* 827 F.2d 1222 (8th Cir. 1987), *Smyrnos v. Padilla (In re Padilla),* 213 B.R. 349, 352 (B.A.P. 9th Cir. 1997); *First Nat'l Bank of Boston v. Fantasia (In re Fantasia),* 211 B.R. 420 (B.A.P. 1st Cir. 1997); *Cash in a Flash v. Brown (In re Brown),* 229 B.R. 739, 741 (N.D.Tenn. 1999); *National School Bus, Inc. v. Carignan (In re Carignan),* 190 B.R. 739, 741 (N.D.NY 1996); *Spokane Railway Credit Union v. Gonzales (In re Gonzales),* 172 B.R. 320 (E.D.Wash. 1994); *In re Soost,* 290 B.R. 116 (Bankr. D.Minn. 2003); *In re Hendricks,* 250 B.R. 415, 420 (Bankr. M.D.Fla 2000); *In re Craig,* 222 B.R. 266, 270 (Bankr. E.D.Va. 1998); *In re Weisser,* 190 B.R. 453, 454 (Bankr. M.D.Fla. 1995); *In re Norwood,* 178 B.R. 683, 687 (Bankr. E.D.Pa. 1995); *In re Norman,* 162 B.R. 581, 583 (Bankr. M.D.Fla. 1993); *In re Standfield,* 152 B.R. 528, 535 (Bankr. N.D.Ill. 1993).

Here the Objector/ex-wife raised the propriety of the Plan's language which sought to establish the debt owed to her as subject to discharge under § 523(a)(15). The Third Circuit in *Szostek,* held if a chapter 13 creditor fails to object to binding language in the plan, then the creditor is collaterally estopped from later challenging it. *See In re Szostek*, 886 F.2d 1405, 1409 (3d Cir. 1989). This Court previously found that the language in section 3(b) of the Plan could preclusively establish that the debt owed to the Objector was dischargeable under § 523(a)(15), and thus could preclude her from later challenging that assertion. The Court was unpersuaded that a debtor is permitted, through plan language alone, to affirmatively establish that the debt was of a type dischargeable under § 523(a)(15), particularly when there is an outstanding objection by the domestic support obligation creditor. I based my decision partly on the fact that traditionally marital dissolution debts are afforded great deference in bankruptcy.

> Sections 523(a)(5) and (15) operate to provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse, or child of a debtor in bankruptcy. Alan N. Resnick, 2007 Collier Pamphlet Edition Bankruptcy Code 42-43, 590 (Matthew Bender & Company, Inc., Alan N. Resnick & Henry J. Sommer eds. 2007) (1981). "[A] debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations." *Id.* (quoting 140 Cong. Rec. H 10,769 (October 4, 1994)). These provisions are intended to make "non-dischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations as to whether a particular agreement to pay money to a spouse is actually alimony or a property settlement." S.Rep. No. 95-989, at 79 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5865. *In re Johnson*, 2008 WL 553221, *3 (Bankr. M.D.N.C. February 27, 2008).

Therefore, the Court finds it was not clear error to sustain the Objector's objection to the Plan on grounds that a Debtor could not definitively characterize a former spouse's debt to be dischargeable under § 523(a)(15) through plan language, particularly when the former spouse objects. I cannot find that my original disposition was clear error, and thus, the Debtor's Motion to Reconsider is denied.

An Order will be entered consistent with the foregoing Opinion.

Date: July 23, 2008

Robert N. Opel, II, Bankruptcy Judge

*This opinion is electronically signed and filed on the same date.* (BI)